UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06cv23-R

MARK L. CRAWFORD, M.D., P.S.C.,                                    PLAINTIFF

v.

CENTRAL STATE, SOUTHEAST AND
SOUTHWEST AREAS HEALTH AND
WELFARE AND PENSION FUNDS,                                         DEFENDANT

and

PRIVATE HEALTHCARE SYSTEMS, INC.                                   DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Private Healthcare Systems, Inc.'s ("PHCS") Motion to Dismiss (Docket #24).  The Plaintiff, Dr. Mark Crawford, M.D. ("Dr. Crawford") has responded (Docket #25), and PHCS has replied to that response (Docket #26). This matter is now ripe for adjudication.  For the following reasons, the Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case concerns whether the Plaintiff may recover payment of his medical bills for his surgical treatment of patient Kitty Steele ("Steele") on August 28, 2002.  Dr. Crawford is an orthopedic surgeon who practices in western Kentucky.  Steele provided Dr. Crawford with an insurance card that had been issued by co-Defendant Central States, Southeast and Southwest Areas Health and Welfare Pension Funds ("Central States").  Central States is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002(1).  Prior to performing the surgery on Steele, Dr. Crawford's office claims to

have contacted PHCS to receive pre-certification in providing services to Steele.  PHCS is the representative of Central States for the purposes of confirming insurance coverage and pre-certifying medical procedures.  Dr. Crawford claims that he received the authorization from one of the Defendants, and after that performed the surgery and submitted the bill to Central States.

After the surgery had been completed, the Plaintiff was advised by PHCS that Steele's coverage had lapsed in April 2002, before the date of the surgery, and Central States denied coverage.  Dr. Crawford, along with Jackson Purchase Medical Center, appealed the denial, however, Central States ultimately concluded that coverage would not be afforded.

The Plaintiff initially brought this action in Graves Circuit Court, seeking recovery against both Central States and PHCS for breach of contract and promissory estoppel.  Central States filed a motion to remove the matter to this Court under federal question jurisdiction because the plan in question was an ERISA plan.  After the matter was removed to federal court, PHCS filed a motion to dismiss arguing that the state law claims are preempted by ERISA and that PHCS should be dismissed with prejudice from the ERISA claim because an ERISA claim cannot be asserted against it as a party as it is not a part of the plan.

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v.*

2

*Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss.  *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).  A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

PHCS argues that both state law claims and the ERISA enforcement claim asserted against it should be dismissed as a matter of law.  The Plaintiff contends that the state law claims survive ERISA preemption because PHCS cannot be exempt from the ERISA plan, yet use ERISA preemption to shield it from liability.  The Court will address the ERISA claim and the state law claims separately.

### *ERISA claim against PHCS*

PHCS claims that Dr. Crawford cannot recover against it because PHCS is not the provider or administrator of the plan.  PHCS submits that it only performs preauthorizations of medical necessity on behalf of the plan.  PHCS cites the case of *Adkins v. Unum Provident Corp.*, in support of its contention. *Adkins v. Unum Provident Corp.*, 191 F. Supp.2d 956, 958 (M.D. Tenn 2002).  In *Adkins*, the Middle District of Tennessee held that under ERISA, 29 U.S.C. § 1132(a)(1)(B), the insured did not have a claim against the subsidiary of the administrator because the subsidiary was not a part of the plan, and ERISA only permitted the recovery of benefits against those entities who are a part of the plan. *Id.*

3

In the instant matter, the Plaintiff admits that PHCS is not an ERISA plan administrator and that PHCS is not an entity within the plan.  Accordingly, the Plaintiff may not recover plan benefits under ERISA against PHCS.

### *Whether the State Law Claims are Preempted under ERISA*

ERISA preempts "any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added).  The United States Supreme Court and Sixth Circuit Court of Appeals have held that under 29 U.S.C. §1144(b), an ERISA action preempts breach of contract and promissory estoppel claims by beneficiaries who sue for the recovery of benefits *in connection with an ERISA plan. Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 737-738 (1985); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987) *Daniel v. Eaton Corp.*, 839 F.2d 263, 266-67 (6th Cir. 1988); *McMahan v. New England Mut. Life Ins. Co.*, 888 F.2d 426, 428-29 (6th Cir.1989); *Ruble v. UNUM Life Ins. Co. of America*, 913 F.2d 295, 297 (6th Cir. 1990); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275-76 (6th Cir.1991), *cert. denied*, 505 U.S. 1233 (1992) (emphasis added).

In the instant matter, though the state claims asserted by Dr. Crawford against PHCS arise from the same facts as his civil enforcement action for plan benefits under ERISA against co-Defendant Central States, these claims are not directly related to the enforcement of the plan. As against PHCS, Dr. Crawford does not seek enforcement of his plan benefits under ERISA, but instead seeks recovery for a state law violation not related to the recovery under the ERISA plan.  In *Perry v. P\*I\*E Nationwide Inc.*, the Sixth Circuit Court of Appeals determined that in certain circumstances, when 29 U.S.C. § 1132 does not provide an adequate remedy to redress the wrongs claimed, ERISA preemption does not apply. *Perry v. P\*I\*E Nationwide Inc.*, 872

4

F.2d 157, 162 (6th Cir. 1989).  In *Perry*, the Sixth Circuit held that ERISA preemption did not apply to state law claims of fraud, misrepresentation, coercion, and promissory estoppel when "the state law has only an indirect effect on the plan and where it is one of general application which pertains to an area of important state concern, the court should find there has been no preemption." Id. at 161 (quoting *Provience v. Valley Clerks Trust Fund*, 509 F. Supp. 388 (E.D. Cal.1981)).  Further, in *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, the Sixth Circuit Court of Appeals held that "[t]he mere fact that an employee benefit plan is implicated in a dispute, however, is not dispositive of whether the breach-of-contract claims are preempted." *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 699 (6th Cir. 2005). Lastly, in *Smith v. Provident Bank*, the Sixth Circuit explicitly stated that "[w]hen an ERISA plan's relationship with another entity is not governed by ERISA, it is subject to state law." *Smith v. Provident Bank*, 170 F.3d 609, 617 (6th Cir. 1999).

Here, PHCS contends that it is not part of the ERISA plan, but is merely a third party who screens coverage.  As determined *supra*, the Court agreed with PHCS that it is not an entity within the ERISA plan, and therefore it is not subject to liability under that claim.  However, if PHCS is not a part of the plan, then the state law claims asserted against PHCS do not have a direct effect on the ERISA enforcement.  In *Shaw v. Delta Air Lines, Inc.*, the United States Supreme Court held that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).  As stated in *Smith* and applied to the instant matter, PHCS is an entity not governed by ERISA, and is therefore subject to state law.  Since PHCS is not an entity of the ERISA plan in this matter, the state law claims asserted by Dr. Crawford against PHCS do

5

not directly relate to the ERISA enforcement, and, therefore, are not preempted by 29 U.S.C. § 1144(a).  Accordingly, the state law claims asserted against PHCS are not dismissed as a matter of law.

**CONCLUSION**

For the foregoing reasons, the Defendant's Motion is **GRANTED in part** and **DENIED in part**.  Count III of the Amended Complaint, as it relates to PHCS is dismissed, but Counts IV and V shall go forward at this time.