UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06cv23-R

MARK L. CRAWFORD, M.D., P.S.C.,                                              PLAINTIFF

v.

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS HEALTH AND
WELFARE AND PENSION FUNDS,                                                   DEFENDANT

and

PRIVATE HEALTHCARE SYSTEMS, INC.                                             DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Central States, Southeast and Southwest Areas Health and Welfare Pension Funds' ("Central States") Motion to Dismiss (Docket #6). The Plaintiff, Dr. Mark Crawford, M.D. ("Dr. Crawford") has responded (Docket #14), and PHCS has replied to that response (Docket #23). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

This case concerns whether the Plaintiff may recover payment of his medical bills for his surgical treatment of patient Kitty Steele ("Steele") on August 28, 2002. Dr. Crawford is an orthopedic surgeon who practices in western Kentucky. Steele provided Dr. Crawford with an insurance card that had been issued by Central States. Central States is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002(1). Prior to performing the surgery on Steele, Dr. Crawford's office claims to have contacted co-Defendant Private Healthcare Systems, Inc. ("PHCS"); the representative of

Central States for the purposes of confirming insurance coverage and pre-certifying medical procedures. Dr. Crawford claims that he received the authorization from PHCS, and after that performed the surgery and submitted the bill to Central States.

After the surgery had been completed, the Plaintiff was advised by PHCS that Steele's coverage had lapsed in April 2002, before the date of the surgery, and Central States denied coverage. Dr. Crawford, along with Jackson Purchase Medical Center, appealed the denial, however, Central States ultimately concluded that coverage would not be afforded.

The Plaintiff initially brought this action in Graves Circuit Court, seeking recovery against both Central States and PHCS for breach of contract and promissory estoppel. Central States filed a motion to remove the matter to this Court under federal question jurisdiction because the plan was part of ERISA. After the matter was removed to federal court, Central States filed a motion to dismiss arguing that the state law claims are preempted by ERISA. Dr. Crawford responded to Central States' motion and filed an amended complaint asserting ERISA recovery claims against both Defendants in addition to the state law claims. In its reply, Central States continues to contend that the state law claims are preempted by ERISA, and also asserts that any breach of fiduciary duty claim under ERISA should be dismissed. Central States does not challenge the benefits claim by Dr. Crawford under ERISA.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss.  *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).  A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

Central States argues that both state law claims and the breach of fiduciary duty claim under ERISA should be dismissed as a matter of law.  The Plaintiff contends that the state law claims survive under federal common law.  The Court will address the state law claims and the breach of fiduciary duty claim under ERISA separately.

### *Whether the State Law Claims are Preempted under ERISA*

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  The United States Supreme Court and Sixth Circuit Court of Appeals have held that under 29 U.S.C. §1144(b), an ERISA action preempts breach of contract and promissory estoppel claims by beneficiaries who sue for the recovery of benefits in connection with an ERISA plan. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 737-738 (1985); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987) *Daniel v. Eaton Corp.*, 839 F.2d 263, 266-67 (6th Cir. 1988); *McMahan v. New England Mut. Life Ins.*

*Co.*, 888 F.2d 426, 428-29 (6th Cir.1989); *Ruble v. UNUM Life Ins. Co. of America*, 913 F.2d 295, 297 (6th Cir. 1990); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275-76 (6th Cir.1991), *cert. denied*, 505 U.S. 1233 (1992).  In a recent decision, the Sixth Circuit held that "when a state law claim may fairly be viewed as an alternative means of recovering benefits allegedly due under ERISA, there will be preemption." *Briscoe v. Fine*, 444 F.3d 487, 498 (6th Cir. 2006).

In the instant matter, the state claims asserted by Dr. Crawford against Central States arise from his civil enforcement action for plan benefits under ERISA.  The evidence indicates that the state law actions are related to ERISA claim sought by the Plaintiff under §502(a)(1)(B) because Dr. Crawford asserts no facts or other contentions that would suggest the claims should be independent of the ERISA.  As to Central States, Dr. Crawford only seeks payment for his bill for the surgery he performed on Steele, which is recoverable under the civil enforcement mechanism of ERISA.  As such, the state law claims are preempted by ERISA.

Further, the Court finds no need to preserve the promissory estoppel claim under federal common law.  In *Armistead v. Vernitron Corp.*, the Sixth Circuit Court of Appeals determined that in an ERISA case, in order for a plaintiff to have a federal common law estoppel claim, the plaintiff must show:

> 1) conduct or language amounting to a representation of material fact;
> 2) awareness of the true facts by the party to be estopped;
> 3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended;
> 4) unawareness of the true facts by the party asserting the estoppel; and
> 5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

*Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir.1991).  However, the Court in

*Armistead* also limited the application of this claim *only* to unfunded welfare benefit plans, where an employer pays claims or insurance premiums for employees from general operating revenues. *Id.* at 1299-1300. (emphasis added).  In addition, in *Sprague v. General Motors Corp.*, the Sixth Circuit narrowed the application of the estoppel claim in an ERISA context, holding that the "[p]rinciples of estoppel, however, cannot be applied to vary the terms of unambiguous plan documents; estoppel can only be invoked in the context of ambiguous plan provisions."*Sprague v. General Motors Corp.*, 133 F.3d 388, 404 (6th Cir. 1998) (en banc).

In the instant matter, the facts are not clear whether or not the plan was an unfunded employee welfare benefits plan.  Nonetheless, Dr. Crawford has not asserted that the plan was in any way ambiguous, but instead claims he detrimentally relied upon a statement by PHCS.  In the context of ERISA litigation, this reliance does not warrant a federal common law claim of promissory estoppel to the Plaintiff against Central States.  However, the Plaintiff is not left without a remedy, as Dr. Crawford does have a civil action available to him under ERISA §502(a)(1)(B).  Accordingly, the state law claims of the Plaintiff are dismissed.

### *Breach of Fiduciary Duty Claim under ERISA*

Though it is not clear from the Amended Complaint (Docket #21) whether the Plaintiff has explicitly asserted a breach of fiduciary duty claim under ERISA, Central States addresses this issue in its reply, arguing that the claim must be dismissed as a matter of law because Dr. Crawford is only suing under his behalf, and not for plan-wide relief.  The language of the complaint that Central States refers to states: "Defendants have breached their obligation under the terms and conditions of the Plan and their fiduciary duty to the Plaintiff by failing and refusing to timely provide coverage for and pay benefits pursuant to the terms and conditions pf

5

the Plan for medical services rendered by Plaintiff to Steele." (Docket #21, ¶28).

The Sixth Circuit Court of Appeals, in *Adcox v. Teledyne. Inc.*, upheld a decision by a district court that dismissed a breach of fiduciary claim brought by the plaintiff against the policy provider, holding that:

> individual suits for recovery of denied benefits arise under 29 U.S.C. § 1132(a)(1)(B)." *Bryant* [v. *International Fruit Product Co.*, 886 F.2d 132, 135 (6th Cir.1989)]... Here, plaintiffs seek recovery on their own behalf, not on behalf of the plan. Thus, the district court properly dismissed count III because a cause of action under § 1132(a)(2) permits recovery to inure only to the ERISA plan, not to individual beneficiaries.

*Adcox v. Teledyne. Inc.*, 21 F.3d 1381, 1390 (6th Cir. 1994) (*citing Bryant* v. *International Fruit Product Co.*, 886 F.2d 132, 135 (6th Cir.1989)). *See also Tregoning v. American Community Mut. Ins. Co.*, 12 F.3d 79, 83 (6th Cir.1993) (ERISA §1109 provides fiduciary relief only for a plan and not for individual beneficiaries). These holdings are consistent with the United State Supreme Court decision in *Massachusetts Mut. Life Ins. Co. v. Russell*, where the Supreme Court held that 29 U.S.C. § 1109(a) provides relief only for a plan and not for individual participants. 473 U.S. 134, 140-44 (1985).

In the instant matter, though it is not clear if the Plaintiff has plead a claim against Central States for breach of fiduciary duty, such a claim fails as a matter of law. The amended complaint explicitly identifies the Plaintiff as a Third Party Beneficiary of the policy plan. As such, Dr. Crawford seeks relief not for the plan, but on his own behalf. Accordingly, the breach of fiduciary duty claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **GRANTED**. The state law claims against Central States, Counts I and II of the Amended Complaint, are dismissed,

while Count III, the claim against Central States for the recovery benefits under the ERISA plan, shall go forward at this time.

An appropriate order shall issue.